UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM POFF,<br><br>      Plaintiff,<br><br>v.<br><br>JENNY A. DURKAN,<br>SARAH Y. VOGEL,<br>MICHAEL SCOVILLE,<br>JOHN W. VAUDREUIL,<br>MUNISH SHARDA,<br>ROBERT G. BROWNELL,<br>PAUL L. SCHLIEVE,<br>MARK RUPPELT,<br>PETER FREITAG,<br>JOSEPH D. LAVELLE, and<br>STACY MAIER,<br><br>      Defendants. | Case No. 13-CV-815-JPS<br><br><br><br><br><br>ORDER |

    Plaintiff William Poff ("Poff"), a federal pretrial detainee at the Sauk County Jail in Baraboo, Wisconsin, has submitted a proposed 42 U.S.C. § 1983 complaint. (Docket #1). At the time he filed his complaint, Poff also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). He did not, however, file the required trust account statement along with his motion. Thus, the Clerk of Court sent Poff a letter requesting that he file the required statement on or before December 11, 2013. (Docket #4). Poff did not comply with that request, and the Court was required to enter an order demanding again that he submit a copy of his trust account statement. (Docket #5).

    In response to that order, Poff has filed a number of documents. He has filed a document he calls "Plaintiff's Financial Statement in Support of Application to Proceed Without Prepayment of Fees" along with a November 1, 2013 Inmate Account Statement from the Sauk County Jail, an

affidavit, and a summary of benefits dated March 10, 2011, from the Department of Veterans Affairs. (Docket #6, #7).

Unfortunately, these documents do not meet the requirements of this Court's prior order or the 1996 Prison Litigation Reform Act. 28 U.S.C. § 1915(a)(2) is very clear on the matter. Poff must "submit a certified copy of the trust fund account statement or institutional equivalent for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). The Court cannot consider Poff's almost three-year old V.A. benefits statement or other averments of his financial status. Moreover, his November 1, 2013 account statement does not cover the "6-month period immediately preceding the filing of the complaint," as 28 U.S.C. § 1915(a)(2) requires. Those facts preclude the Court from assessing Poff's initial partial filing fee on the state of the record.

If Poff wishes to proceed, the Court will require a more detailed trust account statement from him. He should send an inmate account statement that covers as much of the six-month period preceding the filing of his complaint as he can. In his affidavit, Poff indicates he has been at the Sauk County Jail since August 7, 2013. Poff filed his complaint on November 19, 2013. Accordingly, the Court needs his inmate account statement for the period from August 7, 2013, through November 19, 2013, before it can calculate an initial partial payment of the fee for filing this case. *See* 28 U.S.C. § 1915(a)(2). If the Sauk County Jail is unable to provide plaintiff with this information, Poff should send the Court the jail's response.

Poff shall have fourteen days from the date of the entry of this order to file a copy of his account statement as detailed above or to pay the full $400 filing fee. If he fails to timely file the required documents or to pay the filing fee, the Court will dismiss this case without prejudice and without

further notice for want of prosecution. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); Fed. R. Civ. P. 41(b).

Once Poff has submitted the proper inmate account statement, the court will calculate his initial partial filing fee and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2). Poff should show a copy of this order to jail officials to insure that they are aware they should send a copy of his inmate account statement to this court.

Accordingly,

IT IS ORDERED that, within fourteen (14) days of the entry of this order, the plaintiff shall file a copy of his inmate account statement that complies with the mandates of 28 U.S.C. § 1915(a)(2) and the directives of this order, or shall pay the full $400.00 filing fee; if the plaintiff fails to take at least one of those actions, the Court will dismiss this case for want of prosecution, *Link*, 370 U.S. at 630; Fed. R. Civ. P. 41(b).

Dated at Milwaukee, Wisconsin, this 16th day of January, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge