UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM POFF,<br><br>                      Plaintiff,<br>v.<br><br>JENNY A. DURKAN,<br>SARAH Y. VOGEL,<br>MICHAEL SCOVILLE,<br>JOHN W. VAUDREUIL,<br>MUNISH SHARDA,<br>ROBERT G. BROWNELL,<br>PAUL L. SCHLIEVE,<br>MARK RUPPELT,<br>PETER FREITAG,<br>JOSEPH D. LAVELLE,<br>and STACY MAIER,<br><br>                      Defendants. | Case No. 13-CV-815-JPS<br><br><br><br><br><br><br><br>ORDER |

       The plaintiff filed this case on November 19, 2013. (Docket #1). The Court thereafter ordered that the plaintiff file a trust fund account statement, so that the Court could compute the plaintiff's initial partial filing fee (IPFF). (Docket #5). In response, the plaintiff filed a partial statement. (Docket #7). The Court, therefore, had to file another order requesting that the plaintiff file a complete financial statement. (Docket #8). The plaintiff complied, and filed the required statement on January 31, 2014. (Docket #11). The court thereafter assessed an IPFF of $26.66 against the plaintiff, and requested that he pay the fee on or before March 6, 2014. (Docket #12, at 3).

       March 6, 2014, has long since passed, and the plaintiff still has not paid the required fee. Ordinarily, the Court would dismiss this matter due to the plaintiff's failure to pay the IPFF, as required. However, just recently, the

Seventh Circuit decided *Thomas v. Butts*, Case No. 12-2902 (March 13, 2014) (per curiam). In that case, the district judge dismissed a prisoner's Eighth Amendment suit for non-payment of an IPFF; the Seventh Circuit vacated the district judge's dismissal, finding that the district judge erred by failing to determine whether the prisoner was at fault for not paying the fee. *Thomas*, Case No. 12-2902, slip op., at 5–7. The Seventh Circuit determined that, before dismissing a prisoner case for non-payment, a district court must first determine whether the non-payment happened as a result of a prisoner-plaintiff's lack of assets. *Thomas*, Case No. 12-2902, at 5 (citing 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Wilson v. Sargent*, 313 F.3d 1315, 1321 & n.7 (11th Cir. 2002) (vacating dismissal where prisoner did not receive opportunity to explain non-payment); *Beyer v. Cormier*, 235 F.3d 1039, 1041 (7th Cir. 2000) (vacating dismissal for failure to consider explanation for non-payment); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (vacating dismissal where district judge failed to ascertain reasons for non-payment); *Taylor v. Delatoore*, 281 F.3d 844, 850–51 (9th Cir. 2002) (noting that dismissal is inappropriate when prisoner lacks funds)).

The Court, therefore, must first inquire into the plaintiff's reasons for non-payment. In sum, the plaintiff should, within fourteen (14) days, either: (1) pay the IPFF; or (2) file documents with the Court indicating that he lacks the required funds. If the plaintiff pays the IPFF, then the Court will process this case in the typical fashion. If the plaintiff files documents indicating a lack of funds, then the Court will have to enter a further order allowing him

to proceed without prepayment of fees. If, on the other hand, the plaintiff neither pays the fees nor files the documentation establishing his lack of funds, then the Court will dismiss this case.

Accordingly,

IT IS ORDERED that, within fourteen (14) days of the date of this order, the plaintiff shall either: (1) pay the IPFF as more fully detailed in Docket Entry No. 12; or (2) file documentation establishing that he lacks funds to pay the IPFF. Failure to take one of those courses of action will result in the dismissal of this case without prejudice and without further notice of the Court.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge