UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| WILLIAM POFF,<br><br>      Plaintiff,<br><br>v.<br><br>JENNY A. DURKAN,<br>SARAH Y. VOGEL,<br>MICHAEL SCOVILLE,<br>JOHN W. VAUDREUIL,<br>MUNISH SHARDA,<br>ROBERT G. BROWNELL,<br>PAUL L. SCHLIEVE,<br>MARK RUPPELT,<br>PETER FREITAG,<br>JOSEPH D. LAVELLE,<br>and STACY MAIER,<br><br>      Defendants. | Case No. 13-CV-815-JPS<br><br><br><br><br><br><br><br>ORDER |

  The plaintiff, William Poff, filed this case on November 19, 2013. (Docket #1). The Court requested that Mr. Poff pay an initial partial filing fee. (Docket #12). He did not timely do so, and the Court therefore dismissed his case after providing him more than sufficient warning. (Docket #16).

  Now, however, Mr. Poff has sent his filing fee and notified the Court that he is ready to proceed with this action. (Docket #19). The Court will, therefore, vacate its previous dismissal of Mr. Poff's case and proceed to address his motion for leave to proceed *in forma pauperis*.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise

a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Finally, the Court notes that, where the plaintiff proceeds *pro se*, as Mr. Poff does here, this Court must give his complaint a liberal construction, no matter how "inartfully pleaded" it may be. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Even applying that liberal construction, the Court still must find that Mr. Poff's complaint is frivolous and fails to state a claim on which relief can be granted. To begin, it contains very little factual content. Instead, its 120 pages are comprised in large part of citations to cases and statutes, along with Mr. Poff's own interpretation of those materials. While certain factual material may have been included, that material is often lost amongst Mr. Poff's discussion of the law; moreover, where the Court *can* find any factual material, that material is factually baseless—indeed, entirely fanciful—and is neither facially plausible nor pled in a way that would allow the Court to draw any reasonable inference that the defendants are liable. Therefore, the Court is obliged to find that Mr. Poff's complaint is both frivolous and fails to state a claim upon which relief can be granted.

Mr. Poff's legal theories, likewise, are fanciful and frivolous. To begin, Mr. Poff repeatedly tries to ground his claims in maritime law, despite the

fact that he does not identify any water-based activities. To the extent he has pled legal claims that would ordinarily be actionable (for instance, his equal protection or RICO claims), those claims are without merit, because he either has not pled any factual matter to support them, as discussed above, or he alleges a series of events that could not support relief on the claim. Accordingly, the Court must also find that Mr. Poff's legal theories are frivolous.

Moreover, Mr. Poff's complaint is malicious. There can be little doubt that he intends his complaint to harass the defendants: those defendants are, primarily, the prosecutors and related individuals responsible for the conviction for which Mr. Poff is currently serving time. Additionally, Mr. Poff initiated this action shortly after he was indicted in a separate case for filing false liens against a number of officials. For those reasons, the Court finds that Mr. Poff's complaint is malicious.

Having found that Mr. Poff's complaint is frivolous and malicious and fails to state a claim upon which relief can be granted, the Court is obliged to dismiss it. 28 U.S.C. § 1915A(b).

Additionally, the Court points out that it should generally dismiss a complaint filed *in forma pauperis* when that complaint is irrational or delusional; furthermore, where complaints are wholly insubstantial, the Court lacks subject matter jurisdiction over them. *See, e.g.*, 28 U.S.C. § 1915(e)(2)(B)(I); *Ezike v. National R.R. Passenger Corp.*, 2009 WL 247838, at *3 (7th Cir. 2009); *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *African-American Slave Descendants Litig.*, 471 F.3d 754, 757 (7th Cir. 2006). Mr. Poff's claims and allegations quite clearly fall into those categories—they are largely divorced from reality and insubstantial, thus supporting the Court's decision to dismiss this case.

Finally, the Court must assess a strike against Mr. Poff, because it has found that his action, having been brought in a court of the United States, is frivolous, malicious, and fails to state a claim. 28 U.S.C. § 1915(g).

Accordingly,

IT IS ORDERED that, Plaintiff having now paid the filing fee, the Court's previous order and judgment of dismissal (Docket #16, #17) be and the same are hereby VACATED and this matter, together with Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2), be and the same are hereby REINSTATED;

IT IS FURTHER ORDERED that, the Court having found that Plaintiff's complaint is frivolous, malicious, and fails to state a claim, Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby DENIED and this matter be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that, the Court having found that Plaintiff's complaint is frivolous, malicious, and fails to state a claim, Plaintiff be and the same is hereby ASSESSED A STRIKE, pursuant to 28 U.S.C. § 1915(g).

I FURTHER CERTIFY that, in accordance with the provisions found in 28 U.S.C. § 1915(a)(3) together with the record before this Court, any appeal from this Dismissal Order would not be taken in good faith.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of May, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge